Holly DAVISON, Plaintiff-Appellee,

v.

Robert H. CARR, Mary Phipps, Paul Wagner, and Brownie Phipps, Commissioners of the City of Watauga, Tennessee, Mary Phipps, Mayor, and the City of Watauga, Tennessee, Defendants-Appellants.

Supreme Court of Tennessee,
at Knoxville.

Oct. 31, 1983.

Lodge Evans, Elizabethton, for defendants-appellants.

James S. Roach, Johnson City, for plaintiff-appellee.

## OPINION

DROWOTA, Justice.

This is an ouster suit which originated before the Board of Commissioners of the City of Watauga, in which Appellant, Commissioner Robert Carr, charged Appellee, Commissioner Holly Davison, with grave misconduct in office. Following a 10-day

1. Chapter 5, Title 27 is entitled "Appeals from General Sessions Court and Municipal Offi-

hearing, the commissioners voted to remove Holly Davison from office, pursuant to T.C.A. § 6–20–220. Mrs. Davison filed a petition of certiorari in the Circuit Court of Carter County seeking review of actions taken by the Board of Commissioners. The Circuit Court overruled the Appellant's motion to dismiss, and after reviewing the case upon the record, found that there was no material evidence to sustain the judgment of the Board of Commissioners. The Court set aside and vacated the decision of the Board of Commissioners and ordered Mrs. Davison reinstated. We affirm the judgment of the trial court.

Two principal issues are raised on this appeal: (1) whether the trial court erred in dismissing Appellant's motion to dismiss; and (2) whether there was any material evidence to sustain the judgment of the Board of Commissioners.

### I

Appellant sought to have Appellee's suit dismissed by the trial court on the grounds that T.C.A. § 6–20–220(d) authorizes appeal as the proper method for seeking review of ouster proceedings. Appellant further contends that T.C.A. § 27–5–101 and T.C.A. § 27–5–102[1] provide the procedure for perfecting appeal. We do not agree. This position overlooks Chapter 9, Title 27, "Review of Boards and Commissions."

T.C.A. § 27–9–101 provides:

Anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have said order or judgment reviewed by the courts, *where not otherwise specifically provided,* in the manner provided by this chapter. (emphasis added)

The "manner provided" is found in T.C.A. § 27–9–102 which is the filing of a petition of certiorari "within sixty (60) days from the entry of the order or judgment." The

cers."

procedural provisions of this chapter "apply only where other procedures have not been specifically provided." *Fairhaven Corporation v. Tennessee Health Facilities Commission,* 566 S.W.2d 885, 886 (Tenn.App.1976). T.C.A. § 6–20–220, under which Mrs. Davison was removed from office, provides that "[a]nyone removed hereunder shall have the right of appeal." However, procedural guidelines are "not otherwise specifically provided." Therefore, the provisions of Chapter 9, Title 27 should be followed when seeking review pursuant to T.C.A. § 6–20–220(d).

There is some question surrounding the trial court's reference to the parties having stipulated to the matter being tried pursuant to T.C.A. § 27–9–101 et seq. and to the application of the material evidence rule. Whether there was any agreement and stipulation to proceeding under T.C.A. § 27–9–101 et seq. is irrelevant because that is the proper procedure to follow. In *Fairhaven Corporation v. Tennessee Health Facilities Commission, supra,* the Court of Appeals for the Middle Section stated:

> In Tennessee, two types of certiorari exist. T.C.A. 27–801 [27–8–801] provides for the so-called common law writ of certiorari, while T.C.A. 27–802 [§ 27–8–802] provides for the so-called statutory writ. The procedural framework for review under both the common law and statutory writs appears in Chapter 9, of Title 27. T.C.A. § 27–9–101 to 914. *Id.* at 886.

As we stated above, Appellee's petition for certiorari was proper and therefore T.C.A. § 27–9–101 et seq. was the appropriate procedure to follow.

■ Whether the Court was incorrect when it applied the material evidence rule depends upon which form of certiorari was issued. The material evidence rule is appropriate when reviewing a case under the common law writ of certiorari. Although it is unclear exactly which type of certiorari was issued, statutory or common law, the correct form for this case is the common law writ of certiorari.

■ Common law certiorari is available where the court reviews an administrative decision in which that agency is acting in a judicial or quasi-judicial capacity. T.C.A. § 27–8–101 provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.

In this case, the Circuit Court reviewed the actions of the Watauga Board of Commissioners, an administrative body, acting in a judicial capacity, conducting the ouster proceedings. We are satisfied that a common law writ of certiorari issued and, therefore, the material evidence rule applied.

■ The trial court afforded both parties the opportunity to introduce new evidence for very limited purposes. Generally, under common law certiorari, the scope of review is limited to the record to determine as a question of law whether there is any material evidence to support the agency's findings. However, new evidence is admissible on the issue of whether the administrative body exceeded its jurisdiction or acted illegally, capriciously or arbitrarily. *Watts v. Civil Service Board of Columbia,* 606 S.W.2d 274, 276–7 (Tenn.1980). See also Cantrell, *Review of Administrative Decisions by Writ of Certiorari in Tennessee,* 4 Memphis St.L. Rev. 19 (1973). Addressing the issue of which standard of review to apply, the trial court stated:

> "[R]egardless of which standard is imposed, the court's opinion is that the ouster proceeding was not legal, was arbitrary and capricious and there was no material evidence to support the finding of the Commission. The acts of the Commission fail, not one, but all of these standards of review."

## II

■ Concerning the issue of whether there was any material evidence to support the judgment of the Board of Commission-

ers, we agree with the trial court that there was not. After reviewing the record, we are satisfied with the findings of Judge Ed E. Williams, III, regarding whether there was any material evidence to support the Board's finding.

Following a lengthy examination of the evidence, the court stated:

> In summary, and contrary to the charges leveled, the Plaintiff carried on as a normal person exercising her rights and responsibility as a duly elected legislator representing her constituents. She in no way obstructed the public policy of the City of Watauga nor did she do anything whatsoever in violation of the law of the State of Tennessee. She committed no act which even approached the type of action which would give rise to an ouster proceeding. She was in fact totally innocent. She was the victim of three individuals who sought to usurp this office and disenfranchise the voters who elected the Plaintiff as their representative.

### III

We further agree with the lower court's findings that it is unnecessary to reach the question of due process raised by Appellee Davison. Having found that there is no material evidence to support the Commission's ruling, we affirm the judgment of the trial court. Appellee's motion for damages for a frivolous appeal is denied. The costs below and in this Court are taxed to Defendant, The City of Watauga.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.