FRANK BELL,                    )
                               )
        Petitioner/Appellant,  )    Appeal No.
                               )    01-A-01-9506-CH-00273
v.                             )
                               )    Davidson Chancery
CHRISTINE BRADLEY, et al,      )    No.  94-2561-III
                               )
        Respondents/Appellees. )

FILED

Sept. 27, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE ROBERT S. BRANDT, CHANCELLOR




FRANK BELL
R.M.S.I./U-5-B-101
7475 Cockrill Bend Industrial Road
Nashville, Tennessee  37243
        PRO SE PETITIONER/APPELLANT



CHARLES W. BURSON
Attorney General and Reporter

JOHN R. MILES
404 James Robertson Parkway
Suite 2000, Parkway Towers
Nashville, Tennessee  37243-0488
        ATTORNEYS FOR RESPONDENTS/APPELLEES




AFFIRMED AND REMANDED

# MEMORANDUM OPINION[1]

This is an appeal by petitioner, Frank Bell, from the chancellor's judgment dismissing Mr. Bell's petition for writ of certiorari. The chancellor dismissed the petition on the ground that it "was not timely filed."

The record does show that petitioner filed the petition within sixty (60) days of the final disposition of petitioner's disciplinary appeal. On appeal, respondents admit that the petition was timely filed, but insist the chancellor's judgment should be affirmed on the ground that the petition does not state a cause of action. Respondents contend that it would be futile to reverse the order of the chancery court because the petition fails to state a ground upon which the chancellor could grant relief.

"Where the lower Court decides a case correctly, but upon an erroneous ground, [this] court will affirm the decree basing its decision upon what it conceives to be the correct theory." *Hamby v. Fouche*, 15 Tenn. App. 248, 251 (1932).

The Supreme Court of Tennessee has held that "[c]ommon law certiorari is available where the court reviews an administrative decision in which that agency is acting in a judicial or quasi-judicial capacity." *Davison v. Carr*, 659 S.W.2d 361, 363 (Tenn. 1983). Tennessee Code Annotated section 27-8-101 provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising

---

[1]Court of Appeals Rule 10(b):
The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

> judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Tenn. Code Ann. § 27-8-101 (Supp. 1994).

The scope of review under common law writ of certiorari is limited to the record to determine, as a matter of law, whether there is any material evidence to support the agency's finding. *Davison*, 659 S.W.2d at 363. In order for petitioner's common law writ of certiorari to properly arrive within the jurisdiction of the chancery court, it must allege facts which would show that the disciplinary board acted outside its jurisdiction, illegally, arbitrarily, or fraudulently. *See Tomlinson v. Board of Equalization*, 88 Tenn. 1, 6-7, 12 S.W. 414 (1889); *Spunt v. Fowinkle*, 572 S.W.2d 259, 265 (Tenn. App. 1978).

The petition alleged that the disciplinary board erred because it did not find petitioner innocent of disciplinary reports which were issued to the board. Even if that allegation is true, it does not establish that the disciplinary board acted illegally, arbitrarily, fraudulently, or in excess of its jurisdiction in finding petitioner guilty of the charges in each of the matters. Here, petitioner is questioning the correctness of the disciplinary board's decision and the internal policies of the Tennessee Department of Correction.

The correctness of the application of a principle of law by the Board of Claims is not reviewable by certiorari. *Henry v. Board of Claims*, 638 S.W.2d 825, 827 (Tenn. App. 1982).

> "[C]ourts do not have jurisdiction to review decisions of [Boards] as to whether there is material evidence to support the findings of the Board."...The trial court cannot review the intrinsic correctness of the Board's decision. To

> do so would be to exceed the power and jurisdiction of the trial court under the common law writ of certiorari.

*Larue v. Bell*, No. 01-A-01-9403-CH00328, 1994 WL 462221, at *2 (Tenn. App. at Nashville 26 Aug. 1994)(quoting *Murry v. Tennessee Bd. of Paroles*, No. 88-288-II, 1989 WL 14221, at *2 (Tenn. App. at Nashville 22 Feb. 1989)(citations omitted)).

Here, the correctness of the disciplinary board's application of the internal policies of the Department of Correction is not reviewable by common law writ of certiorari. The chancery court lacked jurisdiction to conduct the review requested by petitioner, and the chancellor should have dismissed the petition for this reason.

For the reasons set forth, the decision of the chancery court is affirmed, and the costs are taxed to the petitioner. The cause is remanded to the chancery court for any further necessary proceedings.

                                   _____
                                   SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.


_____
BEN H. CANTRELL, JUDGE