IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

_____

**LESLEY BUFORD,**

    Petitioner-Appellant,

                               Davidson Chancery No. 98-616-II

Vs.                            C.A. No. M1998-00157-COA-R3-CV

**TENNESSEE DEPARTMENT**
**OF CORRECTION, ET AL,**

    Respondents-Appellees.

_____

FROM THE DAVIDSON COUNTY CHANCERY COURT
THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

Lesley Buford, Pro Se

Tom Anderson of Jackson
For Appellees

Paul G. Summers, Attorney General and Reporter
Michael E. Moore, Solicitor General
Elena J. Xoinis, Assistant Attorney General
For Appellee, Tennessee Department of Correction

*AFFIRMED AND REMANDED*

Opinion filed:

W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.


CONCUR:

ALAN E. HIGHERS, JUDGE

DAVID R. FARMER, JUDGE


This case involves a petition for writ of certiorari filed by a state prisoner. The prisoner challenges a disciplinary proceeding brought against him. The trial court dismissed the suit for failure to state a claim upon which relief can be granted. We affirm.

## FACTS

Appellant, Lesley Buford, is an inmate in the custody of the Tennessee Department of Correction. On December 1, 1997, the appellant appeared before the disciplinary board at the South Central Correctional Facility in Clifton, Tennessee, on the charge of creating a disturbance at the prison on the evening of November 18, 1997. The disciplinary board found Buford guilty of a Class B infraction and sentenced him to fifteen days in punitive segregation, fined him four dollars and imposed a four month package restriction.

The appellant appealed the disciplinary board's decision to Warden Kevin Myers, who affirmed the decision and punishment. Buford then appealed to the Department of Correction's Assistant Commissioner Jim Rose, who also affirmed the conviction. Subsequently, Correction Commissioner, Donal Campbell, affirmed the conviction on January 20, 1998.

On February 27, 1998, Buford filed in the Chancery Court for Davidson County, Tennessee, ten petitions for writs of certiorari against the following defendants: Kevin Meyers, Raleigh Brewer, Jim Rose, Donal Campbell, Tina Schachle, Ira Campbell, Dale Brewer, Roscoe Clayton, Fred Alexander, and David Hensley. The trial court found that the

complaints involved common questions of law and fact and arose out of a common occurrence. Specifically, in his petitions for writs of certiorari, Buford contended that the Disciplinary Board ("Board") was an illegal tribunal because South Central Correctional Facility, a private prison operated by Corrections Corporation of America, was without authority to take disciplinary action against inmates. Additionally, Buford alleged that the Board violated his rights to due process. The trial court entered an order on March 12, 1998, pursuant to Rule 42, Tenn.R.Civ.P. consolidating the ten petitions.

On July 27, 1998, the Tennessee Department of Correction filed a Rule 12.02(6) Tenn.R.Civ.P. motion to dismiss the complaint for failure to state a claim upon which relief can be granted. By order entered September 4, 1998, the trial court dismissed Buford's petitions. Buford timely filed a motion to alter or amend the judgment on September 21, 1998, which the trial court denied by order entered November 2, 1998. The appellant timely filed a notice of appeal on November 25, 1998, and presents four issues for review as stated in his brief:

> 1. Did the Trial Court err in determining that Petitioner had not stated a claim upon which relief could be granted?
>
> 2. Did the Trial Court err in determining that Petitioner was not entitled to due process protections?
>
> 3. Did the Trial Court err in determining that the Tennessee Department of Correction is the only and sole respondent to a Petition for Writ of Certiorari?
>
> 4. Did the Trial Court err in denying the Motion to Amend Petition after the Motion to Amend petition had been previously granted?

Buford asserts that the trial court erred in dismissing his petitions for writs of certiorari by determining that he was not entitled to due process protections, in determining that the Tennessee Department of Correction is the only proper respondent to a petition for writ of certiorari, and by denying his motion to amend the petition.

We first turn our attention to the proper party to this proceeding. The trial court found, and we affirm, that the only proper party to this proceeding is the Tennessee Department of

Correction. T.C.A. § 27-9-104 (1980) provides:

> The petition shall be addressed to the presiding chancellor and shall name as defendants the particular board or commission and such other parties of record, if such, as were involved in the hearing before the board or commission, and who do not join as petitioners.

In this case, the only party of record was the department, and, thus, the only proper defendant was the Tennessee Department of Correction. The trial court properly dismissed the complaint against the individual defendants because they are not the correct parties to be sued.

Buford next asserts that a private prison's disciplinary board has no authority to discipline prisoners. We do not disagree with this assertion. Tennessee law clearly prohibits the delegation of power to discipline prisoners to a private prison contractor. T.C.A. § 41-24-110(5) (1986) provides in pertinent part:

> No contract for correctional services shall authorize, allow or imply a delegation of the authority or responsibility of the commissioner to a prison contractor for any of the following:
> .......
> (5) Granting, denying or revoking sentence credits; placing an inmate under less restrictive custody or more restrictive custody; or taking any disciplinary actions.

In *Mandela v. Campbell et al.*, 978 S.W.2d 531 (Tenn. 1998), the Supreme Court addressed the issue of whether private contractor employees were authorized under law to sit on disciplinary boards. It is noteworthy that the *Mandela* case arose out of the South Central Correctional Facility, the same prison at issue in the instant case. The Supreme Court found that the Uniform Disciplinary Procedures mandate the appointment of a liaison between the Department of Correction and the private contractor. *Id.* at 532. Under Policy No. 9502.01(IV)(A), the Commissioner's designee is a Department of Correction employee who is "authorized" by the Commissioner to serve as the approving authority for specified actions at privately contracted prisons. Policy 9502.01(IV)(A) provides:

> A commissioner's designee shall:
>
> Observe all Class A and B disciplinary hearings, and approve

or modify all recommendations of the disciplinary board at the time of the hearing...

Accordingly, the disciplinary board conducts hearings, reviews the evidence and makes recommendations to the Department of Correction liaison who must approve or modify the board's recommendation. As noted in *Mandela*,

> The final approval of the disciplinary recommendation rested solely with the TDOC commissioner's designee. The board's recommendation as to punishment was merely a recommendation, and actual discipline was not imposed until the TDOC representative reviewed the case and approved the board's recommendation. Accordingly, the TDOC retained the authority to punish the prisoners and, in fact, imposed the punishments in the cases now before us.

*Id.* at 533.

The trial court found that Roscoe Clayton, an employee of the Tennessee Department of Correction and the Commissioner's designee, was present at the disciplinary hearing and approved the board's recommendation. In the present case, not only did the Department of Correction representative review the case and approve the board's recommendation, but, also, the Commissioner reviewed the findings and recommendations and approved the punishment. In initiating this cause of action in the trial court, Buford filed numerous petitions for writs of certiorari. In Tennessee, two types of certiorari exist. T.C.A. § 27-8-101 provides the common law writ of certiorari, and T.C.A. § 27-8-102 provides the statutory writ of certiorari. *Fairhaven Corp. v. Tenn. Health Facilities Comm.*, 566 S.W.2d 885, 886 (Tenn. App. 1976).

Under the common law writ, the intrinsic correctness of the decision of the lower tribunal is not subject to judicial review. *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. App. 1994). Under the common law writ, the scope of review is generally limited to a determination of whether the administrative body acted within its jurisdiction or acted arbitrarily, capriciously, or illegally. *Cooper v Williamson County Bd. of Educ.*, 746 S.W.2d 176, 179 (Tenn. 1987). In *Cooper*, the Court said:

> The scope of review under the common law writ does not

ordinarily extend to a redetermination of the facts found by the administrative body. As we observed in **Davison v. Carr,** [659 S.W.2d 361 (Tenn. 1983)]:

> Generally, under common law certiorari, the scope of review is limited to the record to determine as a question of law whether there is any material evidence to support the agency's findings. However, new evidence is admissible on the issue of whether the administrative body exceeded its jurisdiction or acted illegally, capriciously or arbitrarily.

> **Id.** at 363.

746 S.W.2d at 179.

Buford asserts that the trial court erred in dismissing his petition for a statutory writ of certiorari pursuant to T.C.A. § 27-8-102 (1981), which provides that the statutory writ of certiorari is available in five instances: "(1) On suggestion of diminution; (2) Where no appeal is given; (3) As a substitute for appeal; (4) Instead of audita querela; or (5) Instead of writ of error." The only one of the five possible circumstances under which the statutory writ would be arguably available is the second situation, "where no appeal is given." If the statutory writ lies, review under the writ is *de novo* and may be used to correct errors of fact and law committed by the inferior tribunal. **Boyce v. Williams**, 389 S.W.2d 272, 276 (Tenn. 1965). Moreover, the reviewing court may conduct a trial on the merits. **Roberts v. Brown**, 310 S.W.2d 197, 206-208 (Tenn. App. 1958).

In an excellent and often cited article, Judge Ben Cantrell, now of this Court, summarized the case law and described the requirements that must be met for issuance of a statutory writ of certiorari :

> In summary, in the absence of a specific statute expressly granting the writ, the statutory writ of certiorari is available only if the following requirements are met: (1) the order of the administrative body of which review is sought is one for which no judicial review is provided; (2) the function performed by the lower tribunal is essentially judicial in nature; (3) the order for which review is sought finally determines the rights of the petitioner. Cantrell, *Review of Administrative Decisions by Writ of Certiorari in Tennessee*, 4 Mem. St. U.L. Rev. 19, 27-28 (1973).

There is a split of authority among the appellate courts in this state regarding whether the functions of a prison's disciplinary board are "essentially judicial in nature." In two previous unreported decisions, the Western Section of this Court determined that the disciplinary board's action was essentially judicial in nature. *Cobb v. Vinson et al.*, No. 02A01-9707-CV-00144 (Tenn. App. April 1, 1998); *Williams v. Tenn. Dept. of Correction*, No. 02A01-9503-CV-00046 (Tenn. App. Oct. 2, 1995). However, in *Ray v. State*, 577 S.W.2d 681, 682 (Tenn. Crim. App. 1978) *cert. denied* (1979), the Court of Criminal Appeals, relying upon *State ex rel. Turner v. Gore*, 175 S.W.2d 317 (Tenn. 1943), held that proceedings before prison disciplinary boards are administrative in nature and are not judicial proceedings. Moreover, the Middle Section of this Court stated in *Friedman v. Bass et al.*, No. 01A01-9707-CH-00331 (Tenn. App. Nov. 19, 1997), "[T]he only vehicle for seeking judicial review of a prison disciplinary proceedings is a petition for common-law writ of certiorari." *Id.* at *1. (citing *Bishop v. Conley*, 894 S.W.2d 294, 196 (Tenn. Crim. App. 1994); *Snodgrass v. Noles*, No. 02C01-9403-CC-00037 (Tenn. Crim. App. July 8, 1994)). *See also*, *Blackmon v. Campbell et al.*, No. 02A01-9807-CH-00361 (Tenn. App. Feb. 23, 1999).

Upon further consideration, the Western Section of this Court departs from our holdings in *Williams* and *Cobb*, and declares, along with the other courts, that the functions of prison disciplinary boards are administrative and not judicial in nature. Therefore, the statutory writ of certiorari, T.C.A. § 27-8-102, is not available for review of proceedings taken by a prison disciplinary board. Accordingly, we conclude that the trial court did not err in denying the petition for writ of statutory certiorari.

We now consider whether the trial court erred in dismissing the appellant's petition for common-law writ of certiorari. As noted above, the scope of review under the common-law writ of certiorari is very narrow. In *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. App. 1994), this Court stated:

The scope of review under the common-law writ, however, is very narrow. It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily. Conclusory terms such as "arbitrary and capricious" will not entitle a petitioner to the writ. At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

*Id.* at 873 (citations omitted).

Buford asserts that the disciplinary board proceedings violated his procedural due process rights. In order to prevail with these claims, he must demonstrate that the conduct of prison officials has imposed "atypical and significant hardships on the inmate in relation to the ordinary incident of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). Prison disciplinary proceedings are within the expected parameters of a prison sentence and are an ordinary part of prison life. *Sandin v. Conner*, 515 U.S. at 485, 115, S.Ct. at 2301. *See also*, *Friedmann v Bass et al.*, No. 01A01-9707-CH-00331.

We find nothing arbitrary or improper in the conduct of Buford's disciplinary hearing at the South Central Correctional Facility. Buford received adequate notice of the proceedings against him, he testified on his own behalf at the disciplinary hearing, and he waived his right to call witnesses. Moreover, the disciplinary board provided a statement of its findings, and the punishment meted out - fifteen days punitive segregation, a four dollar fine, and a four month package restriction - is not the atypical and significant hardship contemplated by *Sandin*. Accordingly, we affirm the trial court's decision to dismiss Buford's petition.

Finally, Buford complains that the trial court erred by denying his petition to amend the complaint to name David Hensley as a defendant. Buford filed a motion to amend the petition on May 19, 1998, which the trial court granted by order entered July 29, 1998. However, in the final order entered September 8, 1998, the trial court denied Buford's

motion to amend, finding correctly that the only proper party defendant is the Tennessee Department of Correction.

Accordingly, the order of the trial court is affirmed. The case is remanded to the trial court for such further proceedings as are necessary. Costs of appeal are assessed against appellant.

_____

**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**