# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
May 2000 Session

## PAUL E. WALLACE v. RHONDA MITCHELL, Superintendent of Decatur County Board of Education, ET AL.

**A Direct Appeal from the Chancery Court for Decatur County**
**No. 2950     The Honorable Ron Harmon, Chancellor**

---

### No. W1999-01487-COA-R3-CV - Filed August 16, 2000

---

Tenured teacher was discharged after an evidentiary hearing before the school board upon finding that the teacher inappropriately touched students and failed to discontinue the practice after warnings. The teacher filed a petition for *writ of certiorari* for review by the chancery court and after the chancery court's review of the record of the school board hearing, the action of the board dismissing the teacher was affirmed. The teacher has appealed to this Court.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Carthel L. Smith, Jr., Lexington, For Appellant, Paul E. Wallace

J. Michael Ivey, Parsons; Henry Haile, Nashville, For Appellees, Rhonda Mitchell and Decatur Board of Education

## OPINION

Appellant, Paul Wallace (hereinafter Wallace), appeals the judgment of the chancery court affirming the action of the Decatur County Board of Education dismissing Wallace.

Wallace was employed by the Decatur County school system as a music teacher and taught at Parsons Elementary School and at Scotts Hill School. After receiving parental complaints of improper touching of elementary school students and being warned on two separate occasions concerning the complaints, Wallace was suspended, and, subsequently, after a hearing before the Decatur County Board of Education, was dismissed for unprofessional conduct and insubordination. Wallace filed a petition for *writ of certiorari* to review the action of the board. The chancellor, after reviewing the record of the school board hearing, found material evidence to support the decision

of the school board and, therefore, affirmed the decision. Wallace has appealed to this Court and presents two issues for review, as stated in his brief:

> 1. Did the Chancellor err by failing to apply the *de novo* standard of review as required by T.C.A. Section 49-5-513 and Tennessee case law, to the record presented before the Board of Education.

> 2. Under the correct standard of review, does the evidence sustain the Board's decision to dismiss the Appellant?

The issues will be considered together. Wallace asserts that the standard of review to be applied is a *de novo* review upon the record before the board of education. Wallace is asserting that the chancery court can review the record and determine as to the weight or sufficiency of the evidence; thus; render judgment based upon its review of the record. We must respectfully disagree.

Prior to the 1992 amendment, T.C.A. § 49-5-513 (g), which addresses judicial review of dismissals of tenured teachers, provided that "the hearing shall be *de novo* and may be on depositions and interrogatories or oral testimony."

In 1992, our legislature made sweeping changes in the field of education by the enactment of the Education Improvement Act. Chapter 535, Public Acts of 1992. Among these changes, as pertinent to the issues before us, the legislature dealt with suspension and dismissal of tenured teachers as follows:

> SECTION 83. Tennessee Code Annotated, Section 49-5-512, is amended in subdivision (a)(4) by deleting the semicolon at the end of subdivision (a)(4), substituting a period, and adding the following:

> > The teacher shall be allowed a full, complete, and impartial hearing before the board, including the right to have evidence deemed relevant by the teacher included in the record of the hearing, even if objected to by the person conducting the hearing;

> And further amend by adding the following new subdivision (a)(7) and redesignating present subdivisions (a)(7) and (8) to be subdivisions (a)(8) and (9):

> > (a)(7) A record of the hearing, either by transcript, recording, or as is otherwise agreed by the parties, shall be prepared, if the action of the board is appealed, and all actions of the board shall be reduced to writing and included in the record, together with all evidence otherwise submitted; Tennessee Code

Annotated, Section 49-5-513(a), is amended by deleting the words "obtain a judicial review by filing a petition in the chancery court of the county where the teacher is employed" and substituting the words "petition for a writ of certiorari from the chancery court of the county where the teacher is employed."

Tennessee Code Annotated, Section 49-5-513(g) is amended by deleting the second sentence of subsection (g) and substituting the following:

The review of the court shall be limited to the written record of the hearing before the board and any evidence or exhibits submitted at such hearing. Additional evidence or testimony shall not be admitted except as to establish arbitrary or capricious action or violation of statutory or constitutional rights by the board.

Prior to the 1992 legislature, there was no provision in the statute for a record of the hearing before the school board, and as previously pointed out, T.C.A. § 49-5-513(g), provided as to judicial review that "the hearing shall be *de novo* and may be on depositions and interrogatories or oral testimony."

The statute applicable to the case under consideration provides for a petition for *writ of certiorari* T.C.A. § 49-5-513(a) which was filed in this case. It further provides that the scope of review is limited to the written record of the hearing before the board with the provision that additional evidence may be introduced concerning whether the board acted arbitrarily or capriciously or violated constitutional or statutory rights. This scope of review is the scope of review for common law *writ of certiorari*. **Davison v. Carr**, 659 S.W.2d 361 (Tenn. 1983). In **Davison**, the Court said:

Generally, under common law certiorari, the scope of review is limited to the record to determine as a question of law whether there is any material evidence to support the agency's findings. However, new evidence is admissible on the issue of whether the administrative body exceeded its jurisdiction or acted illegally, capriciously or arbitrarily. **Watts v. Civil Service Board of Columbia**, 606 S.W.2d 274, 276-7 (Tenn. 1980). See also Cantrell, **Review of Administrative Decisions by Writ of Certiorari in Tennessee**, 4 Memphis St. L. Rev. 19 (1973).

*Id.* At 363.

The standard of review existing today for review of school board decisions is whether there is any material evidence to support the board's decision. In **Smith v. Williams**, 1995 WL 498723 (Tenn. Ct. App. 1995), this Court said:

> Judicial review of a teacher dismissal case pursuant to T.C.A. § 49-5-513 requires the chancery court to review the transcript of the hearing before the board in order to determine whether there was any material evidence to support the board's decision. If there is, it is the responsibility of the trial court to affirm. On the question of whether the Board acted arbitrarily, capriciously or illegally, the trial court may hear new evidence and must make independent findings in this regard. Our scope of review on appeal from chancery court is no greater than that court's review of the Board decision. **See Goodwin v Metropolitan Board of Health**, **656 S.W.2d 383, 387** (Tenn. Ct. App. 1983).

**Id.** at **4.

Giving the language of the statute its usual and ordinary meaning, it is clear that the legislature intended in the 1992 act to establish the standard of review for common law certiorari.

In the instant case, the trial court correctly limited its scope of review to the written record before the board, and the trial court's finding that material evidence supports the board's decision is supported by that record.

The judgment of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant, Paul Wallace.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.