# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### February 17, 2005 Session

## TANYA HOLLIMON v. SHELBY COUNTY GOVERNMENT

### Direct Appeal from the Circuit Court for Shelby County
### No. CT-006292-02      Kay S. Robilio, Judge

---

### No. W2004-01111-COA-R3-CV - Filed March 31, 2005

---

The Shelby County Circuit Court upheld the decision of the Civil Service Merit Board to terminate the employment of Tanya Hollimon.  We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Emma L. Cole, Memphis, Tennessee, for the appellant, Tanya Hollimon.

Eugene C. Gaerig, Assistant Shelby County Attorney, for the appellee, Shelby County Government.

### MEMORANDUM OPINION[1]

This lawsuit arises from the decision of the Shelby County Civil Service Merit Board ("the Board") to terminate the employment of Tanya Hollimon (Ms. Hollimon), a Shelby County police officer. On June 5 and 6, 2002, Shelby County Police Captain Joseph Ruff ("Captain Ruff") notified Ms. Hollimon in writing that major disciplinary action against her was being considered due to her willful disregard of lawful orders, intentional failure to carry out instructions, acts of misconduct while on duty, unsatisfactory work and falsification of information.  These "Loudermill Letters"

---

[1]
 Rule 10 of the Tennessee Court of Appeals provides:

   This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

cited several acts of misconduct dating from March 18 to May 27, 2002. Captain Ruff conducted a pre-termination hearing on June 14, 2002, and Ms. Hollimon's employment was terminated on June 21. Ms. Hollimon appealed to the Civil Service Merit Board, which held a hearing on August 28. On September 24, 2002, the Board issued its decision upholding the termination.

On November 5, 2002, Ms. Hollimon petitioned the Shelby County Circuit Court for review of the Board's decision. In her petition, Ms. Hollimon alleged the Board's decision was based upon unlawful procedure and that it was not supported by substantial and material evidence. The circuit court determined the Board erred by failing to give Ms. Hollimon notice of some of the evidence that was considered at the September 24 hearing and by failing to give her the opportunity to rebut that evidence. The court further determined that some of the charges were not supported by substantial and material evidence. The court remanded the matter to the Board for another hearing, ordered that Ms. Hollimon be allowed to rebut any evidence presented against her, and noted Ms. Hollimon's exceptions for the record.

In lieu of conducting an entirely new hearing, the parties agreed to a hearing to supplement the original transcript on the issues which the court determined to have been in error. The Board heard supplemental testimony on July 1, 2003. The parties entered into a consent order that the Board's decision would be based on the combined testimony of August 28, 2002, and July 1, 2003, and on written closing arguments. On October 3, 2003, the Board issued its decision and again upheld Ms. Hollimon's termination.

On October 27, 2003, Ms. Hollimon again petitioned for review by the circuit court. She asserted the Board's decision was still unsupported by evidence which is both substantial and material in light of the entire record. Ms. Hollimon further asserted the Board's decision was not certified because it was signed by an assistant secretary, who is a county employee, and not by the Board. On March 24, 2004, the trial court entered judgment upholding the Board's decision. Ms. Hollimon filed a timely notice of appeal to this Court.

### Issues Presented

Ms. Hollimon raises the following issues, as we re-state them, for our review:

(1)    Whether the decisions made by the Board violate the provisions of the civil service merit act.

(2)    Whether the Board's decisions are supported by substantial and material evidence.

### Standard of Review

This is an appeal from the trial court's dismissal of a common law writ of certiorari. Such a writ is available from administrative decisions where an administrative board or agency is acting in

a judicial or quasi-judicial capacity. *Davison v. Carr*, 659 S.W.2d 361, 363 (Tenn.1983). The Tennessee code provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.

Tenn. Code Ann. § 27-8-101 (2000).

The court's review under such a writ is limited to whether the inferior board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently. *McCallen v. City of Memphis*, 786 S.W.2d 633, 640 (Tenn. 1990). The reviewing court does not re-weigh the evidence, but must uphold the board's decision if the board acted within its jurisdiction, did not act illegally or arbitrarily or fraudulently, and if there is any material evidence to support the board's findings. *Watts v. Civil Serv. Bd. of Columbia*, 606 S.W.2d 274, 276-77 (Tenn. 1980); *Davison*, 659 S.W.2d at 363. These determinations are issues of law. *Watts*, 606 S.W.2d at 277. Our review of the trial court's conclusions on matters of law is *de novo* with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn.2000); Tenn. R. App P. 13(d).

## *Analysis*

We first address Ms. Hollimon's assertion that the Board's decision upon remand was procedurally defective because the Board failed to make additional findings and because its "decision in both style and content was no different than the . . . decision written after the pre-termination hearing." The trial court's order on remand required the Board to correct prior procedural due process defects by giving Ms. Hollimon the opportunity to rebut charges against her. By agreement of the parties, rather than initiating an entirely new proceeding, this was accomplished through a supplemental hearing. Ms. Hollimon was afforded the opportunity to respond to all charges, and the Board reaffirmed its decision to terminate her employment. Ms. Hollimon was represented by counsel throughout the proceedings, and she does not allege that she was not afforded the opportunity to rebut the charges against her. The fact that the Board reached the same decision does not render the process procedurally defective. We agree with the trial court that the Board cured procedural defects arising from the 2002 hearing.

Ms. Hollimon also asserts the Board's decision must be reversed because it was signed by assistant secretaries to the Board, who are county employees, rather than by the Board members themselves. Ms. Hollimon asserts that her legal counsel was told by Trish Monteil (Ms. Monteil), an assistant secretary and county employee, that she composes and writes the Board's decisions. Ms. Hollimon urges that this practice violates the civil service merit act provision that county employees shall not be eligible to serve as a member or alternate of the Board.

We first observe that Ms. Hollimon does not suggest that the Board's decision was not made by the Board but by its secretary, or that a county employee is a member of the Board. We further note that Ms. Hollimon fails to cite to any proof in the record which would support her assertion that Ms. Monteil made the statement as alleged and, upon review, we find no such evidence. Ms. Hollimon's assertion, as we understand it, is that the secretaries' signatures on the decision are insufficient to certify it under the civil service merit act.

Neither Ms. Hollimon nor Shelby County assert that the decision is not the Board's independent decision. Although allowing secretaries of the Board to sign Board decisions may not be the best practice, Ms. Hollimon does not allege that the decision in the record does not accurately reflect the Board's determinations. Any procedural error would, therefore, be technical, non-prejudicial, and harmless.

We next turn to Ms. Hollimon's assertion that the Board's decision to terminate her employment was not supported by substantial and material evidence. Upon review, this Court will not weigh the evidence but will affirm the decision of the Board if it is supported by substantial and material evidence. *Case v. Shelby County Civil Service Merit Bd.*, 98 S.W.3d 167, 172 (Tenn. Ct. App. 2002). The issue to be decided by the Board was whether there was just cause to terminate Ms. Hollimon's employment. *See id.* at 175. This Court has noted that the term "just cause" must be based on what is fair and reasonable. *Id.* We also have observed that cause relates to something substantial which would render continued employment detrimental. *Id.* Although the burden of demonstrating cause is on the employer, the administrative board reviewing the termination must consider the record as a whole to determine whether cause exists. *Id.* at 176.

Upon review of the record, we agree with the trial court that the record contains substantial and material evidence to support the Board's determination. It is undisputed that on June 5, 2002, Ms. Hollimon refused to surrender her service weapon and ID cards upon being suspended pending a hearing, with pay, and advised of the possibility of disciplinary actions arising from her alleged refusal to comply with holiday work policies as ordered, neglecting duty by participating in a radio talk-show while on duty, violating regulations, and disregarding instructions. Although Ms. Hollimon characterizes her actions as the result of "severe emotion" and "stress," it is undisputed that she failed to surrender her weapon when ordered to do so, became extremely irate, and referred to her supervisors as "devils." Ms. Hollimon left police premises with her weapon, and surrendered it only after being advised to do so by legal counsel.

The sole duty of the chancellor reviewing a board decision is to determine whether that decision is supported by the evidence in the record. *Id.* Upon review of the record in this case, we are satisfied that Ms. Hollimon's undisputed refusal to surrender her weapon pending a disciplinary hearing is material evidence to support a finding of just cause for dismissal.

***Holding***

In light of the foregoing, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, Tanya Hollimon, for which execution may issue if necessary.

                        _____

                        DAVID R. FARMER, JUDGE