IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 23, 2005 Session

## CITY OF MEMPHIS, a Municipal Corporation v. THE CIVIL SERVICE COMMISSION OF THE CITY OF MEMPHIS, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-04-0432-2     Arnold Goldin, Chancellor**

---

**No. W2005-00091-COA-R3-CV - Filed October 10, 2005**

---

The City of Memphis terminated the employment of Jack Vincent, a police officer.  The Civil Service Commission reversed, and Memphis appealed to the Shelby County Chancery Court under a writ of certiorari.  The chancery court affirmed the decision of the Commission, and Memphis appeals.  We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Sara L. Hall, City Attorney, and Carmalita Carletos-Drayton, Assistant City Attorney, for the Appellant, City of Memphis.

Thomas E. Hansom, Memphis, Tennessee, for the appellee, Jack Vincent.

**OPINION**

The facts of this case are undisputed. At the time of the incident giving rise to this lawsuit, Defendant Jack Vincent (Mr. Vincent) had been a Memphis police officer for four and one-half years. He was forty years of age.  In October 2002, Mr. Vincent met a female minor ("the minor") in an online "gothic"[1] chatroom.  Mr. Vincent was chatting under the name "Unklecreepy."  The minor told Mr. Vincent that she was seventeen years old, and Mr. Vincent said he was thirty-one years of age. Over the next two days, Mr. Vincent and the minor communicated over the internet and by telephone. The minor told Mr. Vincent that her stepfather sexually molested her on a regular basis, and asked Mr. Vincent if she could move in with him.  In exchange, she offered to cook, clean, and perform sexual

---

[1] We note that "gothic," as used here, pertains to a style characterized by the macabre, mysterious, outlandish, or violent.  Webster's Dictionary, available at http://www.merriamwebster.com/cgi-bin/dictionary.

favors. She also performed stripteases and sexual acts in front of a computer web camera while Mr. Vincent watched. Mr. Vincent arranged to pick the minor up from her home in Oakland on October 5, 2002, at 1:00 AM, when her stepfather would be at work. At no time did Mr. Vincent report this situation to his superiors on the Memphis Police Force, to any other law enforcement agency, or to the Department of Children's Services.

The Oakland Police, Fayette County Sheriff's Department, the FBI, and the Memphis Police (collectively, "the authorities"), acting on a complaint about a proposed encounter between an adult and a minor who had met over the internet, identified Mr. Vincent as the adult. The FBI set-up surveillance outside Mr. Vincent's home and the home of the minor in Fayette County. In the early morning hours of October 5, 2002, the authorities followed Mr. Vincent en route to the minor's home. The authorities stopped Mr. Vincent before he reached the minor's home. They accompanied Mr. Vincent back to his home in Shelby County and took possession of his personal computer, which contained downloaded images of nude females, including minors,[2] and use of the screen name "Unklecreepy." Mr. Vincent cooperated with the authorities and the incident did not lead to criminal charges. However, Mr. Vincent failed to report the incident to the Memphis Police Department.

The City of Memphis ("Memphis") terminated Mr. Vincent's employment with the police department on January 24, 2003, for violations of DR-104 Personal Conduct and DR-125 Member Under Investigation. Mr. Vincent appealed to the Civil Service Commission ("the Commission"), which found "no reasonable basis for termination" and reversed. The Commission reinstated Mr. Vincent with full back pay and benefits. On March 3, 2004, Memphis petitioned under a writ of certiorari to the Chancery Court of Shelby County. On January 4, 2005, the chancery court affirmed the Commission's decision. Memphis now appeals to this Court. We reverse.

## Issues Presented

The only issue raised on appeal is whether the trial court erred in affirming the determination of the Civil Service Commission to reverse the decision of the City of Memphis to terminate Mr. Vincent.

## Standard of Review

This is an appeal from the trial court's judgment under a writ of certiorari. Such a writ is available from administrative decisions where an administrative board or agency is acting in a judicial or quasi-judicial capacity. *Davison v. Carr*, 659 S.W.2d 361, 363 (Tenn. 1983). The Tennessee code provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has

---

[2] In his statement to the Memphis Police Department, Mr. Vincent stated that he "thought they were all of age but they were already on there."

exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.

Tenn. Code Ann. § 27-8-101 (2000).

The court's review under such a writ is limited to whether the inferior board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently. *McCallen v. City of Memphis*, 786 S.W.2d 633, 640 (Tenn. 1990). The reviewing court does not re-weigh the evidence, but must uphold the board's decision if the board acted within its jurisdiction and did not act illegally, arbitrarily, or fraudulently. A board's determination is arbitrary and void if it is unsupported by any material evidence. *Watts v. Civil Serv. Bd. of Columbia*, 606 S.W.2d 274, 276-77 (Tenn. 1980). Whether material evidence supports the board's decision is a question of law to be decided by the reviewing court based on the evidence submitted to the board. *Id.* at 277. Our review of the trial court's conclusions on matters of law is *de novo* with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000); Tenn. R. App P. 13(d). However, this Court's scope of review of the board's determination "is no broader or more comprehensive than that of the trial court with respect to evidence presented before the [b]oard." *Watts*, 606 S.W.2d at 277.

**Analysis**

As an initial matter, we note that Memphis does not contend that the Commission acted illegally or fraudulently. It submits only that the Commission's determinations were not supported by substantial and material evidence in light of the entire record. We also note that, in its brief to this Court, Memphis does not argue that the Commission erred in reversing the termination of Mr. Vincent under DR 125 - Member Under Investigation. Rather, in its argument section, Memphis asserts only that the Commission erred in reversing the termination of Mr. Vincent under DR 104 - Personal Conduct. Accordingly, we confine our review to whether there is material evidence in this record to support the Commission's determination that there was no reasonable basis to terminate Mr. Vincent's employment under DR 104.

Mr. Vincent stated during the investigation of this matter and argues to this Court that he did not intend to exploit the minor female in this case, but only sought to remove her from an admittedly horrific home environment in order to help her.[3] He submits that he simply did not know how to handle this situation. During the course of the investigation of this matter, however, on October 23, 2002, he stated,

I told myself this is wrong, you can't do this. This is not the way to handle it. And ah I got online and I did tell her so and it just seemed like I let her down so much I

---

[3]The Memphis police officer involved in the investigation of Mr. Vincent testified that the minor's stepfather was subsequently arrested and charged with sexual abuse. He further testified that he believed the stepfather "pled" and was incarcerated.

was afraid she might be suicidal and ah I said we'll just go ahead and go through with it.

With regard to termination under DR 104, the majority of the Commission stated:

> With respect to DR104 - Personal Conduct, the Commission grappled with the nature of the "relationship" between the minor and Vincent and Vincent's Constitutional Right to Privacy. However, it was not shown that Vincent in any way encouraged inappropriate behavior on the part of the minor, nor did he engage in any of the behavior outside the privacy of his home. Further, while Vincent admitted that he saw the minor nude via a web-cam and received a request from her to provide sexual favors, he never encouraged, requested, or agreed to anything.

> Moreover, Vincent testified that he was attempting to remove the minor from her situation, not to further exploit her. The Commission concedes that there was testimony Vincent said that his intent was to "exploit her for sexual benefit," but the Commission does not find this testimony completely credible.

> For these reasons this Commission finds, in a split decision, that the City's action to terminate Officer Vincent for violation of DR-104 - Personal Conduct, was not reasonable under the circumstances.

The "dissent", however, while concurring with the majority's reversal of termination based on DR 125, stated:

> [T]his Commissioner feels that Vincent's conduct was unbecoming of a Police Officer. Even assuming that he did not have a prurient interest in the minor and only maintained a relationship in order to help her with her domestic situation, he clearly went about it in the wrong way. He admitted that he was not trained to handle situations such as the one this minor was facing, and he neglected to get social workers, Child and Family Services, or psychological counselors involved. Further, by choosing to pick up the minor at the time and in the manner in which he attempted, even if his motives were pure, he gave the appearance of impropriety.

> For these reasons, this Commissioner feels that Vincent's behavior violated DR104- Personal Conduct, but concurs with the plurality that there was not a reasonable basis for termination.

As we understand this opinion, the minority Commissioner found Mr. Vincent had, in fact, violated DR 104, but that the violation did not provide a "reasonable basis" for termination. Accordingly, we perceive the minority not to have dissented from the judgment, but only from the finding that Mr. Vincent had not violated DR 104.

-4-

The trial court's order on review of the Commission's decision states:

> [T]he Court . . . must determine whether there is substantial and material evidence to support the Commission's decision.

> It further appearing to the Court that while the evidence is such that the Civil Service Commission might have determined the issues in favor or either side, the Court finds no basis on which to overturn or reverse that decision.

Thus, the trial court apparently determined that there is material evidence in this case to support both the termination of Mr. Vincent under DR 104 and the Commission's decision to reverse the decision to terminate.

DR 104 provides:

> The *conduct* of each member, both on and off duty, is expected to be such that it will not reflect adversely on other members, the Department, the City of Memphis, or the law enforcement profession. This regulation applies to *both the professional and private conduct* of all members. It prohibits any and all *conduct* which is contrary to the letter and spirit of departmental policy and procedure which would reflect adversely upon the Department or its members. It includes not only unlawful acts by members but also acts which, although not unlawful in themselves, would violate the Law Enforcement Code of Ethics, and would degrade or bring disrespect upon the member or the Department. (Emphasis added.)

The facts regarding Mr. Vincent's conduct in this case are entirely undisputed. Over a period of several days, Mr. Vincent engaged in "chats" with a female he knew to be a minor; watched her perform several sexual acts via internet video camera; failed to notify either the Police Department or the Department of Children's Services of allegations of sexual abuse by her stepfather; and arranged to take her from her home in the middle of the night. The only uncertainty appears to revolve around Mr. Vincent's intentions in attempting to remove her from her home, which the Commission appears to have found to have been to help her.

DR 104, however, seeks to regulate the *conduct* of Memphis police officers, not their intentions. In this case, whatever Mr. Vincent's intentions may have been at the time he set out to take the minor from her home, his conduct unquestionably reflects adversely on the members of the Memphis Police Department, the City of Memphis, and the law enforcement profession. Moreover, without opining on whether watching a female *known to be a minor* perform sexually explicit acts via an internet video camera is within one's constitutional right to privacy, such conduct clearly reflects adversely on the Memphis Police Department. More significantly, despite Mr. Vincent's contention that he did not know how to handle this situation, his statement clearly indicates that he knew his conduct was "not the way to handle it." This undisputedly was not an emergency situation requiring a quick decision, and Mr. Vincent knowingly handled the situation inappropriately, without

-5-

seeking assistance or guidance, and in a manner which reflects negatively on the Memphis Police Department.

We disagree with the Commission that there is no reasonable basis for termination under DR 104 in light of Mr. Vincent's conduct. Mr. Vincent engaged in an internet "relationship" with a minor female over a period of several days. He watched the minor engage in sexual activity more than once. He agreed to take the minor away from her home in the middle of the night. Mr. Vincent failed to seek assistance from the Police Department or the Department of Children's Services.

We also respectfully disagree with the trial court that there is material evidence in this case to support the Commission's determination that there was no reasonable basis to terminate Mr. Vincent's employment with the Memphis Police Department under DR 104. Mr. Vincent's conduct clearly provided a reasonable basis for termination under DR 104. Moreover, there is no evidence in this record that Mr. Vincent's conduct was not in violation of DR 104, whatever his intentions might have been.

### Holding

The Commission's determination that there was no reasonable basis for termination of Mr. Vincent under DR 104 - Personal Conduct is not supported by the material evidence in this case. Accordingly, we reverse the judgment of the trial court and uphold the determination of the City of Memphis to terminate Mr. Vincent's employment with the Memphis Police Department. Costs of this appeal are taxed to the Appellee Jack Vincent.

_____
DAVID R. FARMER, JUDGE