IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief November 18, 2005

## JAMES STROUD, ET AL. v. SHELBY COUNTY CIVIL SERVICE COMMISSION

Direct Appeal from the Chancery Court for Shelby County
Nos. CH-02-1708-1 Part I and CH-02-1719-1 Part I, Consolidated
Walter L. Evans, Chancellor

No. W2005-01909-COA-R3-CV - Filed February 9, 2006

Shelby County terminated the employment of Eric Thomas and James Stroud. Upon writ or certiorari, the Shelby County Chancery Court reversed, and Shelby County appeals. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Martin W. Zummach, Assistant Shelby County Attorney, Memphis, Tennessee, for the appellant, Shelby County Civil Service Commission.

Darrell O'Neal, Memphis, Tennessee, for the appellees, James Stroud and Eric Thomas.

### OPINION

Eric Thomas (Mr. Thomas) and James Stroud (Mr. Stroud, collectively, Petitioners) were deputy jailers assigned to the gang unit of the Shelby County Sheriff's Department ("the Department"). The Department terminated Petitioners' employment following an investigation of charges that they used excess force against two juvenile inmates during an incident which occurred in February 2002, and upon determining they had been untruthful in the investigation of the incident. Petitioners appealed to the Shelby County Civil Service Merit Review Board ("the Board"). Following two days of hearings on July 16 and 17, 2002, at which Petitioners were represented by legal counsel, the Board determined Petitioners had used inappropriate and excess force against the juvenile inmates and had been untruthful during the investigation of the incident. The Board accordingly upheld termination of Petitioners' employment.

Petitioners appealed under writ of certiorari to the Shelby County Chancery Court. The chancery court determined there was material evidence in the record to sustain the charges of untruthfulness against the Petitioners. However, the court determined the record was void of substantial evidence to support the charge against Mr. Stroud of use of excessive force. The court also determined that the Board had failed to address Petitioners' allegations of disparate treatment. The court remanded the matter back to the Board to consider whether Petitioners had been treated unfairly or disparately when compared to another allegedly similarly situated employee who had received less drastic punishment for allegedly similar conduct.

Upon remand, the Board held an additional hearing on August 16, 2002, and determined Petitioners had not received unequal or disparate treatment. The Board reaffirmed its decision upholding the terminations.

Petitioners again appealed. The trial court again determined that there was not substantial and material evidence to support the charge of the use of excessive force against Mr. Stroud. The court also determined that Petitioners had a right to assert their innocence on all charges, and that their failure to admit any wrongdoing did not warrant a difference in punishment from that received by the third deputy. The court also noted that the evidence against the third deputy, a video tape of the incident in that case, was much more compelling, and that the third deputy originally stated in a police report that he did not use excessive force and that the suspect had injured himself. It was only after being presented with the video tape that the deputy admitted to some wrong doing. The court held the evidence against Petitioners was circumstantial at best, and that they should receive the same punishment as that given to the third deputy.

In its final order, the chancery court affirmed the findings of untruthfulness as to both Petitioners. It also affirmed the finding of the use of force against Mr. Thomas. It reversed the finding of force as to Mr. Stroud. The court modified the punishment of both Petitioners, reducing it to a 30-day suspension without pay. The Board appeals. We reverse the trial court's determination that there was no material evidence to support the charge of excessive force against Mr. Stroud. We also reverse the trial court's judgment modifying the Board's disciplinary measures on the basis of disparate treatment.

### *Issue Presented*

The only issue presented for our review is whether the trial court erred in overturning the Board's decision.

### *Standard of Review*

This is an appeal from the trial court's judgment under a writ of certiorari. Such a writ is available from administrative decisions where an administrative board or agency is acting in a judicial or quasi-judicial capacity. *Davison v. Carr*, 659 S.W.2d 361, 363 (Tenn. 1983). The Tennessee Code provides:

The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.

Tenn. Code Ann. § 27-8-101 (2000).

The court's review under such a writ is limited to whether the inferior board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently. *McCallen v. City of Memphis*, 786 S.W.2d 633, 640 (Tenn. 1990). The reviewing court does not re-weigh the evidence, but must uphold the board's decision if the board acted within its jurisdiction and did not act illegally, arbitrarily, or fraudulently. A board's determination is arbitrary and void if it is unsupported by any material evidence. *Watts v. Civil Serv. Bd. of Columbia*, 606 S.W.2d 274, 276-77 (Tenn. 1980). Whether material evidence supports the board's decision is a question of law to be decided by the reviewing court based on the evidence submitted to the board. *Id.* at 277. Our review of the trial court's conclusions on matters of law is *de novo* with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000); Tenn. R. App P. 13(d). However, this Court's scope of review of the board's determination "is no broader or more comprehensive than that of the trial court with respect to evidence presented before the [b]oard." *Watts*, 606 S.W.2d at 277.

*Analysis*

Upon review of the record in this case, we find material evidence supports the Board's determination that Mr. Stroud used excessive force as charged. In addition to the statements of the inmates involved in the February 2002 incident, the record includes testimony by two deputies present at the time of the incident to support a finding by the Board of excessive force. The testimony of these two witnesses and the report of the investigating officer assigned to the case constitute material evidence to support the Board's decision to terminate the Petitioners. The determination in this case is largely a matter of credibility. In light of the court's standard of review under a writ or certiorari, we reverse the trial court's judgment on this issue.

We next turn to whether the Board's decision was arbitrary in light of the discipline received by another deputy, John Thomas (for clarity, "JT") for the use of excessive force. The video tape of the situation in which JT was involved and the expert analysis of that tape support a finding of the use of excessive force by JT. However, they also demonstrate that the circumstances surrounding Petitioners' actions were distinguishable from those surrounding the alleged use of excessive force by JT.

In the present case, Petitioners used unnecessary force against juvenile inmates in a restrained environment at the jail during questioning. There is no evidence that the inmates provoked the Petitioners or that they exhibited aggressive or belligerent behavior. On the other hand, the incident giving rise to the investigation of JT was a DUI arrest of an aggressive and belligerent intoxicated suspect. The suspect was involved in an accident, left his wrecked vehicle blocking three lanes of

traffic, returned to the accident scene, and became aggressive with the arresting officers. Witnesses testified that two officers were required to handcuff the suspect, and that the suspect injured himself by hitting his head against the door of the squad car and by banging it against the window of the car after he had been restrained in the rear seat. Although the video suggests excessive use of force by JT,[1] neither the video, the police analysis of the video, nor the investigative report of the incident evidence an unprovoked use of force against a non-aggressive suspect. The circumstances surrounding the incident in which JT was involved clearly were distinguishable from that involving Petitioners. The evidence does not support a finding of disparate treatment of similarly situated employees. Accordingly, the Board's determination to terminate Petitioners was not arbitrary.

### *Holding*

In light of the foregoing, we reverse the judgment of the trial court and reinstate the Board's termination of the Petitioners' employment. Costs of this appeal are taxed to the Appellees, Eric Thomas and James Stroud.

_____
DAVID R. FARMER, JUDGE

---

[1] The video tape in the record is of a newscast report of the incident which included the police video. Considering the tape along with the expert analysis of the entire police video, it appears that the tape in the record contains an edited portion of the original police video tape.