# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 18, 2016 Session

## BLUE SKY PAINTING COMPANY v. BURNS PHILLIPS, COMMISSIONER, ET AL.

### Appeal from the Chancery Court for Davidson County
### No. 15102II     Carol L. McCoy, Chancellor

_____

### No. M2015-01040-COA-R3-CV – Filed July 15, 2016
_____

Company conducting business in Tennessee filed a complaint against the Tennessee Department of Labor and Workforce Development seeking a declaratory judgment that the subpoenas issued by the Department for business records violated the company's right to due process of law and constituted an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution, and seeking injunctive relief. The trial court granted the Department's motion to dismiss the complaint for failure to state a claim for relief, and the business appeals. Finding no error, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Ben M. Rose and Joshua D. Arters, Brentwood, Tennessee, for the appellant, Blue Sky Painting Company.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée S. Blumstein, Nashville, Tennessee; Alexander S. Rieger, Assistant Attorney General, for the appellee, Tennessee Department of Labor and Workforce Development.

# OPINION

## I. FACTUAL AND PROCEDURAL HISTORY[1]

Blue Sky Painting Company ("Blue Sky") is a business located in Davidson County which offers painting services in the Middle Tennessee area. On April 1, 2014, Mi Joong (Kim) Kang, an auditor with the Tennessee Department of Labor and Workforce Development ("the Department"), met with Blue Sky's principal, Joseph Johnson, and Blue Sky's bookkeeper; during that meeting Mr. Johnson produced a number of documents regarding Blue Sky's operations to Ms. Kang. On August 21 Ms. Kang sent a letter requesting that Blue Sky provide additional documents by August 28. Blue Sky gave the documents to its counsel, who attempted to come to an agreement regarding the production of the documents, as well as to "better understand the Department's position before providing the Department with the documents." Toward that end, on August 28 Blue Sky's counsel sent Ms. Kang a written request for a copy of any documents the Department had pertaining to Blue Sky. The Department did not provide the requested information to Blue Sky or its counsel.

On January 13, 2015, the Department issued an administrative subpoena ("First Subpoena") requiring Blue Sky to provide the documents which had been listed in the August 21, 2014 letter by January 20. On January 23 Blue Sky filed a complaint in Davidson County Chancery Court asserting that the subpoena was issued pursuant to the authority granted the Department at Tenn. Code Ann. § 50-7-702; Blue Sky alleged that the statutes used to enforce compliance with the subpoena—Tenn. Code Ann. §§ 50-7-703 and -712—are unconstitutionally coercive and violate the Fourth Amendment to the United States Constitution's prohibition against unreasonable searches and seizures and 42 U.S.C. § 1983. The complaint also sought production of the Department's records pursuant to the Tennessee Public Records Act, Tenn. Code Ann. § 10-7-503. On February 2 the Department issued another subpoena ("Second Subpoena") setting the date of production of the documents identified in the first subpoena for March 13; on February 23 Blue Sky filed an amended complaint, setting forth the facts surrounding the issuance of the Second Subpoena and alleging that it violated the Fourth Amendment as well. In due course, the Department moved to dismiss the complaint for failure to state a claim for relief, and the court granted the motion.

Blue Sky appeals, stating the issue for review thusly:

1. Whether the trial court erred in granting the Department's Motion to

---

[1] The factual history is taken largely from the allegations of the Amended Verified Complaint (herein "the complaint"), which we take as true for purposes of this appeal. The quoted portions of the history are taken from the complaint.

Dismiss. More specifically, the trial court erred in at least the following ways:

   a. The trial court erroneously applied constitutional due process considerations;
   b. The trial court erred in its ruling that Tenn. Code Ann. § 50-7-703 and/or 712 provide parties upon which administrative subpoenas are served meaningful judicial review; and
   c. The trial court erred in dismissing Blue Sky's 42 U.S.C. § 1983 claim in light of the serious Constitutional violations the Department has committed under the guise of illegal statutes.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Tenn. R. Civ. P. 12.02(6) challenges only the legal sufficiency of the complaint itself, not the strength of the plaintiff's proof. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999). Therefore, the trial court should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *See Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). On appeal from an order granting a Tenn. R. Civ. P. 12.02(6) motion, the appellate court must, like the trial court, presume that the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *See Webb v. Nashville Area Habitat for Humanity*, 346 S. W.3d 422, 426 (Tenn. 2011). The appellate court reviews the trial court's legal conclusions regarding the adequacy of the complaint *de novo,* without a presumption of correctness. *Id.*

## III. ANALYSIS

### A. Constitutionality of Tenn. Code Ann. §§ 50-7-703 and -712

The subpoenas in this case were issued under the authority at Tenn. Code Ann. § 50-7-702 which states:

In the discharge of the duties imposed by this part, an unemployment hearing officer, the commissioner, the commissioner's designee, and any duly authorized representative of any of them shall have power to administer oaths and affirmations, take depositions, certify to official acts, and issue subpoenas to compel the attendance of witnesses, and the production of books, papers, correspondence, memoranda and other records deemed necessary as evidence in connection with a disputed claim or the administration of this part.

3

Relative to enforcement of the subpoenas, Tenn. Code Ann. § 50-7-703 provides:

> In case of contumacy by or refusal to obey a subpoena issued to any person, any court of this state within the jurisdiction of which the inquiry is carried on, or within the jurisdiction of which the person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the commissioner or the commissioner's designee, an unemployment hearing officer, or any duly authorized representative of any of them, shall have jurisdiction to issue to the person an order requiring that person to appear before the commissioner, the commissioner's designee, an unemployment hearing officer, or any duly authorized representative of any of them, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question. Any failure to obey the order of the court may be punished by the court as a contempt of the court, and, in addition to the contempt proceeding, any person who without just cause fails or refuses to attend and testify or to answer any lawful inquiry or to produce books, papers, correspondence, memoranda and other records, if it is in the person's power so to do, in obedience to a subpoena of the commissioner, the commissioner's designee, an unemployment hearing officer or any duly authorized representative of any of them, commits a Class C misdemeanor.

Further, Tenn. Code Ann. § 50-7-712(a) states:

> Any person who willfully violates this chapter or any order, rule or regulation under this chapter, the violation of which is made unlawful, or the observance of which is required under the terms of this chapter, and for which a penalty is neither prescribed elsewhere in this chapter nor provided by any other applicable statute, commits a Class E felony.

Blue Sky contends that the subpoena process does not meet constitutional due process standards under the Fourth Amendment because it does not allow for meaningful judicial review of the subpoena without the risk of facing immediate penalties for noncompliance.

Due process is flexible and varies depending on the situation presented. *See Case v. Shelby Cnty. Civil Service Merit Bd.*, 98 S.W.3d 167, 172 (Tenn. Ct. App. 2002) (citing *Matthews v. Eldridge*, 424 U.S. 319, 334 (1976)). In *State ex rel. Shriver v. Leech* our Supreme Court considered the constitutionality of administrative subpoenas and held:

> [W]hen an administrative agency subpoenas corporate books and records, the Fourth Amendment requires that the subpoena be sufficiently limited in scope, relevant in purpose, and specific in directive so that compliance will not be unreasonably burdensome. . . . In addition, while the demand to

4

inspect may be issued by the agency, in the form of an administrative subpoena, it may not be made and enforced by the inspector in the field, and the subpoenaed party may obtain judicial review of the reasonableness of the demand prior to suffering penalties for refusing to comply.

612 S.W.2d 454, 458 (Tenn. 1981) (quoting *See v. City of Seattle*, 387 U.S. 541, 542–43 (1967)) (ellipsis in original).   The court held further that "if the statute under which the subpoena is issued gives the subpoenaed party the opportunity to seek a judicial determination of the reasonableness of the demands, prior to the imposition of any sanction for his failure to comply," the Fourth amendment is satisfied.  *Id.* at 459 (*citing U.S. v. Morton Salt Co.* 338 U.S. 632 (1950)).

As we consider this matter, we are mindful that acts of the legislature are presumed constitutional and, consequently, we "must indulge every presumption and resolve every doubt in favor of constitutionality." *Riggs v. Burson*, 941 S.W.2d 44, 51 (Tenn. 1997).   The Department was created at Tenn. Code Ann. § 4-3-1403, with its purposes and goals set forth at § 4-3-1404.  Tenn. Code Ann. § 4-3-1408 establishes the division of employment security, granting to the administrator of the division the responsibility to administer, implement and enforce the Tennessee Employment Security Law, codified at  Chapter 7 of Title 50.

Under the statutory scheme at issue in this case, if the subpoenaed party believes that the subpoena is unreasonable, the party can refuse to comply without penalty; in order to enforce the subpoena, the commissioner must then apply to a court of competent jurisdiction and secure an order to produce the records.  The imposition of any penalties for not producing the records is considered only after an order has been issued and the party does not comply.  Thus, there is a judicial determination of the reasonableness and legality of the request and an opportunity to comply prior to the imposition of any sanction for failure to produce the records.[2]  The commissioner does not impose any penalties, and it is the failure to comply with the court's order, not the failure to comply with the subpoena, which produces the penalties.   This procedure is not unconstitutionally coercive and therefore satisfies the Fourth Amendment and the requirements of *State ex rel Shriver v. Leech*; Tenn. Code Ann. §§ 50-7-703 and -712 are not unconstitutional.

Blue Sky also argues that it has been subjected to an unreasonable search or seizure contrary to its due process rights with respect to the specific business records

---

[2]  In its brief on appeal, the Department asserts that "[u]pon the Department's application for the court order, the subpoenaed party would have the opportunity to raise its objections and defenses to the subpoena" and references Tenn. Comp. R. & Regs. 0800-11-04-.04(5) as the standard that would be applied by a court prior to issuing an order of compliance.

request at issue. Tenn. Code Ann. § 50-7-701(a)(1)[3] requires businesses to keep and maintain certain records designated by the Department and these records are subject to inspection and copying by the Department "at any reasonable time and as often as necessary." The reasonableness of the commissioner's request for records is an issue to be raised if and when the commissioner applies for an order enforcing the subpoena; it is not ripe for resolution on the record before us. Similarly, the nature and effect of any penalty for noncompliance with an order of enforcement is not ripe.[4]

## B. 42 U.S.C. § 1983 Claim

In the complaint, Blue Sky alleges that "the First and Second Subpoenas, and any enforcement of penalties for failure to comply with the First and Second Subpoenas without prior opportunity to seek judicial review violates Blue Sky's constitutionally protected right to work, enter into contracts, and conduct its business, in violation of 42 U.S.C. § 1983." In its brief on appeal, Blue Sky acknowledges that the statute does not create or confer substantive rights, *see King v. Betts*, 354 S.W.3d 691, 702 (Tenn. 2011), and that, in order to state a claim for relief under the statute, a party "must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). 42 U.S.C. § 1983 provides a vehicle by which a court may be granted subject matter jurisdiction to address alleged constitutional violations. *King*, 354 S.W.3d at 702. In light of our holding that Tenn. Code Ann. §§ 50-7-712 and -703 are not unconstitutional as written, there is no deprivation of right which is remediable under 42 U.S.C. § 1983; any "as applied" challenge is not justiciable.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
RICHARD H. DINKINS, JUDGE

---

[3] Tenn. Code Ann. § 50-7-701(a)(1) states:

Each employing unit shall keep true and accurate work records, for the periods of time and containing the information the commissioner prescribes. The records shall be open to inspection and be subject to being copied by the commissioner or the commissioner's authorized representative at any reasonable time and as often as necessary.

[4] The complaint also alleges that Tenn. Code Ann. § 50-7-712 could apply additional penalties should § 50-7-703 be declared inapplicable, and therefore § 50-7-712 is unconstitutional as it pertains to failure to comply with a subpoena.