FILED
12/16/2019
Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 13, 2019 Session

## SHELBY COUNTY, TENNESSEE v. GARY MORRIS, JR. ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-15-0911      JoeDae L. Jenkins, Chancellor**

_____

### No. W2019-00049-COA-R3-CV

_____

This appeal arises from Shelby County's decision to terminate Appellee's employment for non-compliance with the County's residency requirement. The Civil Service Merit Board ("CSMB") reversed the termination of Appellee's employment and reinstated him with back pay. On appeal, the Shelby County Chancery Court affirmed the CSMB's ruling. Finding no error, we affirm the decision of the Chancery Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Bridgett L. Stigger, and Sanjeev Memula, Memphis, Tennessee, for the appellant, Shelby County, Tennessee.

Murray B. Wells, Memphis, Tennessee, for the appellee, Gary Morris, Jr.

**OPINION**

## I. Background

Appellee Gary Morris was an employee of Appellant Shelby County, Tennessee ("the County"), in its Roads, Bridges, and Engineering Department. As is relevant to this appeal, the County's Charter and Policy No. 304 require Shelby County employees to reside in the County as a condition of their employment. Specifically, the policy provides that "[a]ll employees hired after September 1, 1986, must be residents of Shelby County and shall continue to reside in said County as a condition of their employment." On January 15, 2015, the County requested Mr. Morris to provide a mailing address for his 2014 W-2. Mr. Morris provided the County with the mailing address of 345 Emma Road, Oakland, Fayette County, Tennessee, which was his girlfriend's address. Because of the County's residency requirement, Mr. Morris' supervisors questioned him about the out-of-county address he provided for mailing his W-2, and Mr. Morris immediately submitted a request to update his address to 5723 Logan Cove, Arlington, Shelby County, Tennessee.[1]

On January 16, 2015, the County began an investigation of whether Mr. Morris was compliant with the residency requirement. The County requested that Mr. Morris confirm his compliance (by January 20, 2015) by supplying the County with three documents from a list of approved documents such as: a rental/mortgage contract, current driver's license, motor vehicle registration or title, current voter registration, W-2 form, current receipt for real estate taxes, or a current utility bill. On January 20, 2015, Mr. Morris provided a lease agreement for 6804 North Knoll, Millington, a Shelby County address. The lease was signed on January 17, 2015, and was to become effective on February 1, 2015. On January 21, 2015, Mr. Morris tendered three additional documents reflecting an address of 12466 US Highway 64, a Shelby County address. These documents included a 2013 application for vehicle registration, a 2013 W-2 tax form (from another employer), and a March 2014 receipt for a trailer.

On January 28, 2015, the County conducted a *Loudermill* hearing to determine whether Mr. Morris was a County resident. At that time, Mr. Morris submitted an affidavit from his aunt, Mosie Thomas, in which she stated that Mr. Morris lived with her at 12611 Highway 64, Shelby County, Tennessee, from January 1, 2014 through December 2014. On January 29, 2015, the County terminated Mr. Morris' employment on the ground that he failed to prove compliance with the County's residency requirement. Mr. Morris appealed the termination to the Shelby County Civil Service Merit Board ("CSMB"). On April 16, 2015, the CSMB conducted a hearing regarding this termination.

---

[1] 5723 Logan Cove is Mr. Morris' grandmother's address. Mr. Morris testified that he listed this address because his grandmother was his emergency contact for work.

On May 15, 2015, the CSMB found that the Roads, Bridges, and Engineering Department did not meet its burden of proof on cause to terminate Mr. Morris' employment. As such, the CSMB overturned the termination of employment, and reinstated Mr. Morris with back pay. On July 8, 2015, the County appealed the CSMB's ruling to the Shelby County Chancery Court ("trial court"). On December 13, 2018, the trial court entered an order adopting the CSMB's findings of fact and conclusions of law. The County appeals.

## II. Issue

The County raises several issues for review. However, we perceive that there is one dispositive issue: Whether the trial court erred in affirming the CSMB's decision to reverse termination of Mr. Morris' employment and to reinstate him with back pay.

## III. Standard of Review

"Judicial review of decisions by civil service boards of a county or municipality which affects the employment status of a county or city civil service employee shall be in conformity with the judicial review standards under the Uniform Administrative Procedures Act [("UAPA")] . . . ." Tenn. Code Ann. § 27-9-114 (b)(1); *City of Memphis v. Civil Serv. Comm'n of Memphis*, 238 S.W.3d 238, 242 (Tenn. Ct. App. 2007). The UAPA provides, in pertinent part:

(a)(1) A person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review. . . .

***

(h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of the of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

- 3 -

(5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.

(B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

(i) No agency decision pursuant to a hearing in a contested case shall be reversed, remanded or modified by the reviewing court unless for errors that affect the merits of such decision.

Tenn. Code Ann. § 4-5-322. In *City of Memphis*, this Court explained that

[u]pon confirming that an agency has employed the proper legal principles in the case under review, this Court must then consider the disputed factual findings and address whether the agency had a reasonably sound basis for making those findings. *See McEwen v. Tenn. Dept. of Safety*, 173 S.W.3d 815, 820 (Tenn. Ct. App. 2005). Like the trial court, this Court applies the substantial and material evidence standard in reviewing the agency's findings of fact. *Bobbitt v. Shell*, 115 S.W.3d 506, 509-10 (Tenn. Ct. App. 2003). Substantial and material evidence is "such relevant evidence as a reasonable mind might accept to support a rational conclusion" and to furnish a reasonably sound basis for the decision under consideration. *City of Memphis v. Civil Serv. Comm'n*, 216 S.W.3d 311, 316 (Tenn. 2007) (quoting *Jackson Mobilphone Co. v. Tenn. Pub. Serv. Comm'n*, 876 S.W.2d 106, 110-11 (Tenn. Ct. App. 1993)); *Dickson v. City of Memphis Civil Serv. Comm'n*, 194 S.W.3d 457, 464 (Tenn. Ct. App. 2005); *Pruitt v. City of Memphis*, No. W2004-01771-COA-R3-CV, 2005 WL 2043542, at *7 (Tenn. Ct. App. Aug. 24, 2005); *Bobbitt*, 115 S.W.3d at 510.

As directed by the statute, we take into account whatever in the record fairly detracts from the weight of the evidence, but we may not substitute our own judgment on questions of fact by re-weighing the evidence. *See* Tenn. Code Ann. § 4-5-322(h)(5)(B). When the agency conducts a hearing and can evaluate the witnesses as they testify, this Court gives the tribunal's credibility determinations great weight. *Pruitt*, 2005 WL 2043542, at *7. Moreover, the substantial and material evidence standard does not justify reversal of an administrative decision only because the evidence could also support another result. *Martin v.*

- 4 -

*Sizemore*, 78 S.W.3d 249, 276 (Tenn. Ct. App. 2001). Rather, we may reject an administrative determination only if a reasonable person would necessarily arrive at a different conclusion based on the evidence. *Id.*

Likewise, Tennessee Code Annotated [s]ection 4-5-322(h)(4) permits a reviewing court to modify or reverse an administrative decision if it is "[a]rbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Tenn. Code Ann. § 4-5-322(h)(4). A decision unsupported by substantial and material evidence is arbitrary and capricious. *City of Memphis*, 216 S.W.3d at 315. Yet, a clear error of judgment can also render a decision arbitrary and capricious notwithstanding adequate evidentiary support. *Id.* at 316. A decision is arbitrary or capricious if it "is not based on any course of reasoning or exercise of judgment, or . . . disregards the facts or circumstances of the case without some basis that would lead a reasonable person to reach the same conclusion." *Id.* (quoting *Jackson Mobilphone*, 876 S.W.2d at 110-11).

*City of Memphis*, 238 S.W.3d at 243.

## IV. Analysis

The County argues that the trial court erred when it affirmed Mr. Morris' reinstatement with back pay. It alleges that there is substantial and material evidence to support its decision to terminate Mr. Morris' employment. As discussed, *supra*, Shelby County Government Policy No. 304 provides that "[a]ll employees hired after September 1, 1986, must be residents of Shelby County and shall continue to reside in said County as a condition of their employment." The policy further defines "residence" as "the primary residence of the employee."

From our review of the record, it appears that the County terminated Mr. Morris' employment because it made an assumption about Mr. Morris' primary residence based solely on a mailing address he provided. The County further ignored Mr. Morris' testimony that he did not live at the 345 Emma Road, Fayette County address, and disregarded evidence he submitted concerning his residency because the evidence did not comport with its guidelines regarding the types of documentation necessary to prove residency in the County.

The investigation into Mr. Morris' residency commenced after Mr. Morris provided the 345 Emma Road, Fayette County address as the address to which he wanted his 2014 W-2 mailed. The County clearly assumed from the information provided by Mr. Morris that the Fayette County address was Mr. Morris' residence. At the CSMB hearing, Charles Wood, the Deputy Administrator of Shelby County Roads, Bridges, and

Engineering testified concerning the County's assumption, to-wit:

**Q:** Okay. Nobody said to him, "Write down where you live." They said, "Give me an address [so] I can get some tax information to you," right?

**A:** I don't know.

**Q:** You don't know what was said?

**A:** No.

**Q:** So, we are making all kinds of assumptions that he told anybody that is where he lived?

**A:** No, you are wrong.

**Q:** Okay. Tell me why I am wrong.

**A:** You are saying I witnessed and that they told him that. I was not there to witness that, no. They gave me what I am showing you here --

**Q:** That is right.

**A:** -- and what he said where he lived or where he wanted his mailing address.

**Q:** It's where he said he wanted his mail to come to.

**A:** Right.

**Q:** And what we are getting at is this assumption that he told anybody at any point that "that is where I live." And he said, "That is where I can get some mail." Maybe he was staying with his girlfriend who lived there, right?

**A:** That is what he later told me.

**Q:** And that doesn't mean he is not a resident of Shelby County. He could be a resident of Shelby County and get mail at his girlfriend's house, couldn't he?

**A:** I understand that.

**Q:** So, we can make lots of assumptions about where he lived, right?

**A:** Right.

**Q:** And that is what we did in this case, we made some assumptions, right? You did. You made some assumptions --

**A:** I made an assumption that was his primary address, yes.

**Q:** That is right. And after that assumption had been made that he is telling you by writing some numbers down that "that is my primary address," after that assumption was made, did you verify that he lived at that address by any other independent source?

**A:** No, I did not.

**Q:** Did anybody within Shelby County verify that he lived at that address through any independent source?

**A:** Did they go verify? No.

**Q:** I mean, did anybody try to pull a light bill or ask for a lease or do anything to verify?

**A:** Yes, they did. Yes, we did. We asked for several documentations of him.

**Q:** And did any documents support the fact that he lived at what you assumed was his primary address?

**A:** No, sir, it did not.

**Q:** There wasn't a single thing, other than the fact that he wrote that address down on a piece of paper . . . right?

**A:** That is true.

Despite having no actual proof that Mr. Morris resided outside Shelby County, the County terminated Mr. Morris' employment based solely on a violation of the residency policy.

The County justifies its decision to terminate Mr. Morris' employment because he failed to provide three documents from its "list of seven documents categories." Because

Mr. Morris did not provide these exact documents, the County contends that Mr. Morris failed to prove that he was a resident of Shelby County. Thus, the County maintains that termination of his employment was proper. While the County has an established residency policy under Shelby County Government Policy No. 304, there is no specific policy concerning what documents employees must provide to the County to prove residency. At the CSMB hearing, Edward Bowden, the Human Resources Advisor for the County, could not cite any County policy regarding the "list of seven documents categories":

> **Q:** Do you know whether there is a policy number or some way we can legally define within Shelby County how it is that you have got to have these seven documents to be able to be -- three of these seven documents to verify your employment? I mean, I am trying to figure out is there some place I can go and see that, this is what is required?
>
> **A:** I have no knowledge of that.

Mr. Morris testified at the CSMB hearing that he was unable to provide any of the requested documents on the County's list because he neither owned nor rented a house because he lived with his aunt. In the absence of proof that the County has adopted an actual policy or procedure concerning the specific documents employees must provide to prove County residency, Mr. Morris cannot be required to provide specific documents to show his residency. Turning to the record, to prove his residency in the County, Mr. Morris provided the following proof: (1) his lease agreement for 6804 North Knoll, Shelby County, Tennessee which lease was to become effective on February 1, 2015; (2) a 2013 application for vehicle registration listing the 12466 Highway 64 address; (3) a 2013 W-2 tax form from a secondary employer bearing the 12466 Highway 64 address; and (4) a receipt for a trailer dated March 14, 2014, showing the 12466 Highway 64 address. Mr. Morris also provided the County an affidavit from his aunt, wherein she stated that Mr. Morris lived with her in 2014 at the 12611 Highway 64 address. Mr. Morris also provided an affidavit from his girlfriend, wherein she stated that Mr. Morris did not reside with her at the 345 Emma Road address in Fayette County. The County rejected these documents because none of them purportedly "met the requirement Shelby County ha[d] set forth for employees to prove compliance." However, with no specific policy adopted by the County concerning the documentation required to establish residency, the County could not disregard the documents provided by Mr. Morris.

In addition to the foregoing documents, Mr. Morris also testified at length at the CSMB hearing concerning his residency. He explained that he was born in Shelby County, grew up in Shelby County, attended high school in Shelby County, and was living in Shelby County when he began working for the Roads, Bridges, and Engineering Department. Mr. Morris further explained that, in 2013, he lived at 12466 US Highway 64, a Shelby County address. He testified that, in 2014, he moved to his aunt's house at

12611 Highway 64, also a Shelby County address. He further testified that, as of January 20, 2015, he lived at the 12611 Highway 64 address. His aunt's affidavit, *supra*, supports this testimony. Mr. Morris explained that he provided his supervisor with the 345 Emma Road, Oakland, Fayette County address to mail his W-2 because he was in the process of moving out of his aunt's house to the 6804 North Knoll address. Additionally, he explained that the 345 Emma Road address was his girlfriend's residence, and he provided the lease agreement for that property, on which he was not listed as a lessee.

The CSMB reviewed the foregoing proof before concluding that the County "did not meet the burden of proof for 'cause'" when it terminated Mr. Morris' employment.[2] The CSMB further concluded that, "[a]lthough the County did not receive from Mr. Morris three of their seven requested documents to validate his residency, the County did not prove that Mr. Morris lived outside of Shelby County. The County was not open to accept alternative documents presented as proof of residence." The trial court affirmed the CSMB when it concluded that

> 7. [t]he CSMB's decision was based upon substantial and material evidence. Specifically, the [c]ourt notes that Shelby County did elicit testimony in its own case in chief supporting Mr. Morris' contention that he was a resident of Shelby County. Furthermore, Shelby County did not present any contradictory evidence disputing the evidence that Mr. Morris resided outside of Shelby County. Gary Morris, however, presented his

---

[2] We note that, on appeal, the County argues that the CSMB erred when it shifted the burden to the County to prove Mr. Morris' Shelby County residency. Essentially, the County argues that it should not have had the burden of proof, at the CSMB hearing, to show that Mr. Morris' employment was terminated for cause. However, in its appellate brief concerning this issue, the County fails to reference any County policy or Tennessee law, which provides that it is the employee's burden to prove that the County did not have cause to terminate his or her employment. *See* Tenn. R. App. P. 27(a)(7). Appellee cites ***Kirkwood v. Shelby County Government***, No. W2005-00769-COA-R9-CV, 2006 WL 889184, at *4 (Tenn. Ct. App. Apr. 6, 2006), in response to the County's argument. In ***Kirkwood***, this Court explained that

> ["]The burden of proof is on the party having the affirmative of the issue, and the burden of proof never shifts.["] 11 Tenn. Jur., *Evidence*, § 49. In disciplinary proceedings, or where the issue is whether the party charged has committed an illegal or improper act, the burden is on the one making the charges and this rule applies where the charge is made by an administrative body. ***Id.***

***Kirkwood***, 2006 WL 889184, at *4; *see also* ***Case v. Shelby Cty. Civil Serv. Merit Bd.***, 98 S.W.3d 167, 175-76 (Tenn. Ct. App. 2002) (discussing that an employer bears the burden of demonstrating cause to terminate an employee's employment). Therefore, it appears that the CSMB properly placed the burden on the County to prove that it had cause to terminate Mr. Morris' employment. Because the County had the burden to prove Mr. Morris' termination of employment was "for cause," the County also had the burden of proving that the "cause" existed, i.e. that Mr. Morris did not reside in Shelby County. Nonetheless, even if it were Mr. Morris' burden, he clearly proved his residency, as discussed *supra*.

own testimony, various documents, and the sworn affidavits of two people attesting to his residency.

From our review, we agree with the trial court's conclusion that the CSMB "had a reasonably sound basis" for finding that termination of Mr. Morris' employment was improper. *City of Memphis*, 238 S.W.3d at 243 (citing *McEwen*, 173 S.W.3d at 820). There is substantial and material evidence in the record to support the CSMB's finding that the County "did not meet the burden of proof for 'cause'" when it terminated Mr. Morris' employment. In the first instance, the County terminated Mr. Morris' employment simply because he requested that the County mail his 2014 W-2 to an address in Fayette County. Mr. Morris testified that he had never lived in Fayette County, and Mr. Wood admitted that the County never verified the Fayette County address as Mr. Morris' primary residence. These facts alone demonstrate that the County did not meet its burden of proof for cause to terminate Mr. Morris' employment. Nonetheless, the County contends that termination of Mr. Morris' employment was proper because he did not comply with the "list of seven documents categories." As discussed above, the County provided no evidence that it actually adopted a policy or procedure regarding specific documentation required to prove residency. As such, its disregard of Mr. Morris' evidence was improper. From the evidence Mr. Morris provided, it is clear that Mr. Morris resided in Shelby County during the relevant time period.

Still, the County alleges that Mr. Morris did not prove his residency for a sixteen-day period of time, i.e. while he was in the process of moving into a new residence. At the CSMB hearing, Mr. Bowden acknowledged that Mr. Morris was a Shelby County resident prior to January 16, 2015, to-wit:

**Q:** Well, your testimony right now is you can attest that he was a resident that had provided what was required. And so, if you are able to attest to that, then tell the Board what it is he provided.

**A:** I don't have knowledge of that. The only thing that I can attest is that prior to January 16, January 15 he was a resident.

**Q:** Prior to -- prior to --

**A:** Employee of Shelby County.

**Q:** Prior to the fact that he wrote that handwritten notice with his girlfriend's address on it saying you could send him some mail over there, he was a resident?

**A:** Prior to January 16 when I was brought on board, from my

- 10 -

understanding, Mr. Morris was a resident.

Concerning the sixteen-day period, as discussed above, Mr. Morris provided the County with a lease for his new residence. The lease began on February 1, 2015. So, the County alleges that Mr. Morris did not prove his County residency from January 16, 2015 through February 1, 2015. However, based on his undisputed testimony, there is no proof that Mr. Morris resided outside the County during this sixteen-day period. Rather, from his testimony and the affidavits he provided, he resided with his aunt in Shelby County until he took possession of the leased property. As such, there is substantial and material proof that Mr. Morris was a resident of Shelby County during all of his County employment, and the County had no cause to terminate his employment.[3]

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Shelby County, Tennessee, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

---

[3] We note that the County's final argument is that the CSMB improperly considered Mr. Morris' years of service and satisfactory work history when it reinstated him. While the CSMB decision states that it considered "Mr. Morris' twelve (12) years of service and his satisfactory work history," it is clear from the record that, prior to that consideration, the CSMB found that Mr. Morris was a resident of Shelby County, and that the County failed to demonstrate he was not a resident. Therefore, the dispositive issue had already been decided in Mr. Morris' favor prior to the CSMB considering his work history. Further, as found by the trial court, the County "did not demonstrate that [the] CSMB's opinion that Gary Morris was a good employee of many years in any way swayed or otherwise prejudiced or tainted their ultimate decision."