
IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 4, 2017

## CARTER BURGESS v. TURNEY CENTER DISCIPLINARY BOARD, ET AL.

**Appeal from the Chancery Court for Hickman County**
**No. 16-CV-5701      Joseph Woodruff, Judge**



**No. M2016-01896-COA-R3-CV**

_____

Appellant, an inmate in the custody of the Tennessee Department of Correction, appeals the trial court's dismissal of his petition for a writ of certiorari. Inmate alleges that the Disciplinary Board violated several policies in finding him guilty of the charge of drug possession. The trial court granted the writ of certiorari and, upon review of the record, granted TDOC's motion to dismiss. Inmate appeals. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S, and JOHN W. MCCLARTY, J., joined.

Carter Burgess, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter, and Charlotte Montiel Davis, Assistant Attorney General, for the appellees, Turney Center Disciplinary Board, Darrell Murphy, Tennessee Department of Correction, and Commissioner, Tennessee Department of Correction.

## OPINION

### I. Background

Appellant Carter Burgess is an inmate in the custody of the Tennessee Department of Correction ("TDOC"). On November 4, 2015, Mr. Burgess went before the Turney Center Disciplinary Board (the "Board," and together with TDOC, Hearing Officer Darrell Murphy, and the Commissioner of TDOC, "Appellees"). Mr. Burgess was

charged with one count of drug possession. The charge stemmed from an incident that occurred on November 2, 2015, when Corporal Nicky Herndon was conducting a "fence check." According to the disciplinary report, Corporal Herndon observed Mr. Burgess "hand inmate Christopher Gregory something and inmate Christopher Gregory tucked the item into his pants." Following his observation, Corporal Herndon radioed another guard, and the two performed a search of Mr. Gregory's person. The search revealed "four (4) Suboxone[1] strips inside the zipper part of [Mr. Gregory's] pants." All of the inmates involved were charged with drug possession.

At the November 4, 2015 hearing before the Board, Mr. Burgess testified that he handed Mr. Gregory two loose razor blades wrapped in a piece of white paper. Mr. Gregory provided a written statement that the Suboxone strips were not given to him by Mr. Burgess. Levi Burnam, another inmate, corroborated Mr. Burgess's statement that he had given Mr. Gregory razor blades. Corporal Herndon testified that he saw Mr. Burgess hand Mr. Gregory something in a clear cellophane packet. After witnessing this exchange, Corporal Herndon called Officer Chris Hammond, who assisted Corporal Herndon in performing a search. The search revealed the Suboxone strips. Corporal Herndon stated that he "didn't let Burgess out of [his] sight until C/O Hammond got there." Officer Hammond testified that he followed Mr. Gregory after the drug exchange, and no one else gave Mr. Gregory anything prior to the search. Both TDOC employees denied finding any razor blades in Mr. Gregory's possession. After weighing the evidence, the Board found Mr. Burgess guilty of drug possession. Mr. Burgess filed an appeal of the Board's decision to the Warden and the Commissioner, both of whom denied the appeal and affirmed the Board's finding of guilt.

On February 10, 2016, Mr. Burgess filed a petition for common law writ of certiorari in the Chancery Court of Hickman County ("trial court"). In his petition, Mr. Burgess asserted that the Board acted illegally or arbitrarily in three instances: (1) the Board did not satisfy TDOC Policy 502.05(VI)(A)(19); (2) the Board violated TDOC Policy 502.01(VI)(L)(4)(c)(6) concerning witnesses; and (3) the Board did not satisfy the preponderance of the evidence standard in violation of TDOC Policy 502.01(VI)(L)(4)(k)(1). On April 4, 2016, Appellees filed a notice of no opposition to the grant of the petition for writ of certiorari, and the trial court granted Mr. Burgess's petition by order of April 11, 2016. By order of August 15, 2016, the trial court dismissed Mr. Burgess's petition on its finding that the Board had not acted arbitrarily or illegally and had not violated TDOC policy in its proceedings. Mr. Burgess filed a timely notice of appeal to this Court.

---

[1] Suboxone is a medication which is commonly used to combat opioid addiction by weaning the user off of the opiate. It typically comes as a sublingual strip rather than a pill.

## II. Issue

The sole issue for review is whether the trial court properly dismissed Mr. Burgess's petition for common law writ of certiorari.

## III. Standard of Review

The common-law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by prison disciplinary boards, parole eligibility review boards, and other similar administrative tribunals. *See Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 710 (Tenn. 2003); *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998) (citing *Bishop v. Conley*, 894 S.W.2d 294 (Tenn. Crim. App. 1994)). The issuance of a writ of common-law certiorari is not an adjudication of anything. *Keen v. Tenn. Dep't of Corr.*, No. M2007-00632-COA-R3-CV, 2008 WL 539059, at *2 (Tenn. Ct. App. Feb. 25, 2008) (citing *Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 375 (Tenn. Ct. App. 2003)). Instead, it is "simply an order to the lower tribunal to file the complete record of its proceedings so the trial court can determine whether the petitioner is entitled to relief." *Hawkins v. Tenn. Dep't of Corr.*, 127 S.W.3d 749, 757 (Tenn. Ct. App. 2002); *Hall v. McLesky*, 83 S.W.3d 752, 757 (Tenn. Ct. App. 2001).

Review under a common law writ of certiorari is limited to whether the inferior board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily or fraudulently, and if there is any material evidence to support the board's findings. *Watts v. Civil Serv. Bd. of Columbia*, 606 S.W.2d 274, 276-77 (Tenn.1980); *Davidson v. Carr*, 659 S.W.2d 361, 363 (Tenn.1983); *Harding Acad. v. Metropolitan Gov't of Nashville & Davidson Cnty.*, 222 S.W.3d 359, 363; (Tenn. 2007); *see also Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012). These determinations are issues of law. *Watts*, 606 S.W.2d at 277.

Our Supreme Court has held that the use of the common-law writ of certiorari is appropriate to provide judicial relief from (1) fundamentally illegal rulings, (2) proceedings inconsistent with essential legal requirements, (3) proceedings that effectively deny parties their day in court, (4) decisions that are beyond the decision-maker's authority, and (5) decisions that involve plain and palpable abuses of discretion. *State v. Lane*, 254 S.W.3d 349, at 355 (Tenn. 2008) (quoting *Willis*, 113 S.W.3d at 712). A common law writ of certiorari proceeding does not empower the courts to re-determine the facts found by the entity whose decision is being reviewed. *Tennessee Waste Movers, Inc. v. Loudon Cnty.*, 160 S.W.3d 517, 520 n. 2 (Tenn. 2005); *Cooper v. Williamson Cnty. Bd. of Educ.*, 746 S.W.2d 176, 179 (Tenn. 1987). Accordingly, we have repeatedly cautioned that a common law writ of certiorari does not authorize a reviewing court to evaluate the intrinsic correctness of a governmental entity's decision. *See, e.g.*, *Willis*,

113 S.W.3d at 712; **Stewart**, 368 S.W.3d at 465; **Arnold v. Tennessee Bd. of Paroles**, 956 S.W.2d 478, 480 (Tenn.1997). As previously stated by this Court:

> At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

**Powell v. Parole Eligibility Review Bd.**, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). Accordingly, we consider Mr. Burgess's arguments within these parameters. "A board's determination is arbitrary and void if it is unsupported by any material evidence." **Watts**, 606 S.W.2d at 276-77. Whether there existed material evidence to support the board's decision is a question of law, which should be determined by the reviewing court based on the evidence submitted. **Id**. This Court must review a trial court's conclusions of matters of law de novo with no presumption of correctness. Tenn. R. App. P. 13(d). This Court "will not 'inquire into the intrinsic correctness of the [b]oard's decision,' but will uphold the decision if it was reached lawfully and in a constitutional manner." **Hopkins v. Tenn. Bd. of Paroles and Prob.**, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001).

Before turning to the issue, we note that we are cognizant of the fact that Mr. Burgess is a prison inmate and is proceeding pro se. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. **Garrard v. Tenn. Dep't of Corr.**, No. M2013-01525-COA-R3-CV, 2014 WL 1887298, at *3 (Tenn. Ct. App. May 8, 2014) (internal citations omitted). It is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." **Brown v. Christian Bros. University**, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, **Hodges v. Tenn. Att'y Gen**., 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not ... entitled to shift the burden of litigating their case to the courts." **Whitaker v. Whirlpool Corp.**, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000).

### IV. Analysis

We will review each of Mr. Burgess's assignments of error against the record adduced before the Board. Again, our review is limited to whether the inferior board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily or fraudulently, and if there is any material evidence to support the board's findings. **Watts v. Civil Serv. Bd. of Columbia**, 606 S.W.2d 274, 276-77 (Tenn.1980); **Davidson v. Carr**, 659 S.W.2d 361,

363 (Tenn.1983); ***Harding Acad. v. Metropolitan Gov't of Nashville & Davidson Cnty***., 222 S.W.3d 359, 363; (Tenn. 2007); *see also **Stewart v. Schofield***, 368 S.W.3d 457, 463 (Tenn. 2012).

## A. TDOC Policy 502.05 Drug Possession

TDOC Policy 502.05 (VI)(A)(19) defines "drug possession" as follows:

> <u>Drugs – Possession/Selling/Use (DPO) (Class A or B)</u>: To have, own, gain, or maintain, control over illegal drugs, or unauthorized medications, including narcotics, hallucinogens, opiates, barbiturates, stimulants, marijuana, including synthetic or K2, or medications in a manner not prescribed by a dentist or physician or the sell or exchange of any illegal drugs or medications. Any such item found in a cell or room is presumed to be in the possession of all the occupants of that housing space.

Mr. Burgess contends that, under the foregoing definition, he could not be charged with "drug possession" when the confiscated drugs were not found on his person or in his cell. We disagree. By its plain language, the foregoing definition broadly defines "possession" not only as to "have" or "own," but also to "maintain control over" the drugs. Although we concede that the evidence presented to the Board establishes that it was Mr. Gregory who was found to "have" the drugs in his possession, Corporal Herndon testified that he saw Mr. Burgess pass something to Mr. Gregory. The evidence shows that the only "something" found in Mr. Gregory's possession was the Suboxone strips. The reasonable inference from Corporal Herndon's testimony is that Mr. Burgess possessed the drugs prior to passing them to Mr. Gregory. Accordingly, there is material evidence to support the drug possession charge.

## B. TDOC Policy 502.01 Witness Testimony

Pursuant to TDOC Policy 502.01(VI)(L)(4)(c)(6), an inmate, such as Mr. Burgess, who pleads not guilty to a disciplinary charge has "[t]he right to present the testimony of relevant witness(es), unless allowing the witness to appear would pose a threat to institutional safety or order." Mr. Burgess contends that the Board denied him the right to present certain witnesses in violation of the foregoing policy. Specifically, Mr. Burgess alleges that Hearing Officer Murphy refused to allow Officers Morrison and Kilborne to testify at the hearing.

Turning to the record of the Board hearing, Mr. Burgess did present testimony from Messrs. Gregory and Burnam. In addition, Mr. Burgess testified on his own behalf. Mr. Burgess claims that he filled out witness request forms for Messrs. Gregory and

Burnam and also filled out request forms for Officers Morrison and Kilborne. However, none of these request forms are contained in the record. Accordingly, there is simply no evidence in the record from which this Court could conclude that Mr. Burgess either requested testimony from the officers, or that he was denied this request. The only evidence is from Hearing Officer Murphy's affidavit, wherein he states that, "I do not recall Inmate Burgess requesting either Officer Morrison or Officer Kilborne as witnesses at the disciplinary board hearing." In the absence of any countervailing evidence, and in view of the fact that Mr. Burgess did call at least two witnesses, we cannot conclude that the Board denied Mr. Burgess his right to call witnesses under TDOC 502.01.

## C. TDOC Policy 502.01 Standard of Proof

TDOC Policy 502.01(VI)(L)(4)(k)(1) provides that the case against an inmate "must be proved by a preponderance of the evidence." Mr. Burgess contends that the proof against him did not satisfy the preponderance of the evidence standard. We disagree. As discussed above, Corporal Herndon testified that he personally witnessed Mr. Burgess pass something to Mr. Gregory. In fact, Corporal Herndon stated that he "was sure as a man can be" about what he saw. Officer Chris Hammond testified that he watched Mr. Gregory, after Mr. Burgess passed him the package, and no one else handed Mr. Gregory anything. Mr. Burgess did not deny that he passed Mr. Gregory something, but he testified that it was razor blades. However, both Officer Hammond and Officer Herndon stated that they found no razor blades on Mr. Gregory's person, only the drugs. From the record as a whole, we conclude that Appellees have met their burden of proof to show, by a preponderance of the evidence, that Mr. Burgess is guilty of the charge of drug possession.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order of dismissal. The case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against Appellant, Carter Burgess. Because Mr. Burgess is proceeding *in forma pauperis* in this appeal, execution for costs may issue, if necessary.

_____
ARNOLD B. GOLDIN, JUDGE